J-A11023-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
:            PENNSYLVANIA
:
v.                          :
:
:
:
RAVEN NICHOLE JEFFREY        :
:
Appellant                :    No. 893 WDA 2022

Appeal from the Judgment of Sentence Entered May 18, 2022
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s): CP-33-CR-0000451-2021

BEFORE:   BENDER, P.J.E., STABILE, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED: JUNE 22, 2023**

Appellant, Raven Nichole Jeffrey, appeals *nunc pro tunc* from the
judgment of sentence of 35½ to 71 years' incarceration, imposed after she
pled guilty to various sexual offenses.  On appeal, Appellant seeks to challenge
the discretionary aspects of her sentence.  Additionally, Appellant's counsel,
J.D. Ryan, Esq., seeks to withdraw his representation of Appellant pursuant
to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v.
Santiago**, 978 A.2d 349 (Pa. 2009).   After careful review, we affirm
Appellant's judgment of sentence and grant counsel's petition to withdraw.

Attorney Ryan summarizes the pertinent facts and procedural history of
Appellant's case, as follows:

> Appellant was charged with multiple offenses, and eventually
> entered pleas of guilty to the following: Filming Sex Acts, 18

_____

[*] Retired Senior Judge assigned to the Superior Court.

Pa.C.S.[]§ 6312(b)(1), Felony of the First Degree; Conspiracy to Commit Filming Sex Acts, 18 Pa.C.S.[] § 903, Felony of the First Degree; Sexual Exploitation of a Child, 18 Pa.C.S.[] § 6320(a), Felony of the Second Degree; Conspiracy to Commit Sexual Exploitation of a Child, 18 Pa. C.S.[] § 903, Felony of the Second Degree; and Conspiracy to Commit Rape of a Child, 18 Pa.C.S.[] § 903, Felony of the First Degree. Additionally, she entered a no contest plea to Rape of a Child, 18 Pa.C.S.[] § 3121(c), Felony of the First Degree. The charges stem from an incident where Appellant's paramour engaged in sexual acts with … Appellant's young daughter while Appellant recorded the act[s] on a cell phone.

Appellant was subsequently sentenced on May 18, 2022, to an aggregate period of thirty-five and a half (35.5) years to seventy-one (71) years of incarceration…. Appellant filed a timely Post-Sentence Motion requesting reconsideration of [her] sentence. The lower court denied said Motion without a Hearing.

*Anders* Brief at 5 (some spacing altered).

Appellant did not file a notice of appeal from her judgment of sentence. However, she subsequently filed a timely petition under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546, seeking the reinstatement of her appeal rights, which the court granted. Appellant then filed a *nunc pro tunc* notice of appeal,[1] and she complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Therein, Appellant preserved one issue for our review: "The [trial] court abused its discretion in sentencing [Appellant] to excessive and consecutive sentences."

_____

[1] We note that the notice of appeal was timestamped by the trial court on August 3, 2022, but it was not entered on the trial court's docket until August 4, 2022. It is unclear why there is a discrepancy, but the notice of appeal was filed within 30 days of the order granting Appellant leave to appeal *nunc pro tunc* regardless of which date is used.

Pa.R.A.P. 1925(b) Statement, 9/16/22, at 1 (single page). The court filed a responsive Rule 1925(a) opinion on September 20, 2022.

On November 7, 2022, Attorney Ryan filed with this Court a petition to withdraw from representing Appellant. That same day, counsel also filed an **Anders** brief, discussing the sentencing claim set forth in Appellant's Rule 1925(b) statement. Attorney Ryan concludes that this issue is frivolous, and that Appellant has no other, non-frivolous issues she could pursue herein. Accordingly,

> this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).
>
> Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:
>
> > (1) provide a summary of the procedural history and facts, with citations to the record;
> >
> > (2) refer to anything in the record that counsel believes arguably supports the appeal;
> >
> > (3) set forth counsel's conclusion that the appeal is frivolous; and
> >
> > (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.
>
> **Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief."

> ***Commonwealth v. Nischan****, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, … 936 A.2d 40 ([Pa.] 2007).*

***Commonwealth v. Orellana***, 86 A.3d 877, 879-80 (Pa. Super. 2014).  After determining that counsel has satisfied these technical requirements of ***Anders*** and ***Santiago***, this Court must then "conduct a simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated."  ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In this case, Attorney Ryan's ***Anders*** brief complies with the above-stated requirements.  Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's claim, and he sets forth his conclusion that Appellant's appeal is frivolous.  He also explains his reasons for reaching that determination, and he supports his rationale with citations to the record and pertinent legal authority.  Further, Attorney Ryan states in his petition to withdraw that he has supplied Appellant with a copy of his ***Anders*** brief.  Additionally, he attached a letter directed to Appellant to his petition to withdraw, in which he informed Appellant of the rights enumerated in ***Nischan***.  Accordingly, counsel has complied with the technical requirements for withdrawal.  We will now independently review the record to determine if Appellant's issue is frivolous, and to ascertain if there are any other, non-frivolous issues she could pursue on appeal.

According to Attorney Ryan, Appellant believes that the trial court abused its discretion by imposing "a lengthy prison sentence that included

multiple consecutive sentences, as well as a maximum sentence [on] one charge." ***Anders*** Brief at 7.

> Challenges to the discretionary aspects of sentence are not appealable as of right. ***Commonwealth v. Leatherby***, 116 A.3d 73, 83 (Pa. Super. 2015). Rather, an appellant challenging the sentencing court's discretion must invoke this Court's jurisdiction by (1) filing a timely notice of appeal; (2) properly preserving the issue at sentencing or in a motion to reconsider and modify the sentence; (3) complying with Pa.R.A.P. 2119(f), which requires a separate section of the brief setting forth "a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence[;]" and (4) presenting a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S. § 9781(b). ***Id.*** (citation omitted).

***Dempster***, 187 A.3d at 272.

Here, Appellant filed a timely appeal after her right to do so was reinstated, and she preserved her sentencing claim in her timely-filed, post-sentence motion. While Attorney Ryan did not include a Rule 2119(f) statement in his appellate brief, "[w]here counsel files an ***Anders*** brief, this Court has reviewed the matter even absent a separate [Rule] 2119(f) statement." ***Commonwealth v. Zeigler***, 112 A.3d 656, 661 (Pa. Super. 2015) (citations omitted). "Hence, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether Appellant's issue is frivolous." ***Id.***

In conducting our review, we are mindful that,

> [w]hen considering the merits of a discretionary aspects of sentencing claim, we analyze the sentencing court's decision under an abuse of discretion standard. ***Commonwealth v. Dodge***, 77 A.3d 1263, 1274 (Pa. Super. 2013). In conducting

this review, we are guided by the statutory requirements of 42 Pa.C.S. § 9781(c) and (d). *Id.* Section 9781(c) provides that this Court shall vacate a sentence and remand under three circumstances:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

42 Pa.C.S. § 9781(c). In addition, we consider:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

*Zeigler*, 112 A.3d at 661-62.

Instantly, in Appellant's post-sentence motion, she averred that the court imposed an excessive aggregate sentence where she was cooperative throughout the investigation and prosecution, and she maintained that she "acted … under duress from her co-defendant, who had threatened to kill her and her daughter if [she] didn't assist him in these crimes." Motion for Reconsideration, 5/27/22, at 1 (single page). Appellant also insisted that the court had improperly considered that "the subject video [was] posted on the

internet[,]" but this "did not happen." *Id.* According to Appellant, "[t]he co-defendant had posted other child pornography to the internet[,]" and "[t]he victims in those pictures/videos were not [her] daughter." *Id.* Appellant insisted she "was not involved in those actions[,]" and her aggregate sentence is excessive. *Id.*[2]

_____

[2] On appeal, Attorney Ryan adds that Appellant wishes to assert that the court abused its discretion by imposing several consecutive sentences, and the statutory-maximum sentence for her conviction of rape of a child is excessive. However, those claims were not presented in the post-sentence motion or at the sentencing proceeding. Thus, they are waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *Commonwealth v. Mann*, 820 A.2d 788, 794 (Pa. Super. 2003) ("[I]ssues challenging the discretionary aspects of sentencing must be raised in a post-sentence motion or by raising the claim during the sentencing proceedings.") (citation omitted). In any event, even if not waived, we would deem these arguments frivolous. The statutory maximum sentence for rape of a child was the top-end term of the standard-range sentencing guidelines applicable to Appellant. Thus, we would conclude that the court's imposition of this sentence is not facially unreasonable. Additionally,

> Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed. Any challenge to the exercise of this discretion ordinarily does not raise a substantial question. In fact, this Court has recognized the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment. That is[,] in our view, the key to resolving the preliminary substantial question inquiry is whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue in the case.

Appellant's sentencing challenge is frivolous. First, as Attorney Ryan points out, each sentence Appellant received was "within the standard guideline[ range], albeit at the top end of each range." *Anders* Brief at 8. Thus, under section 9781(c), Appellant must demonstrate that her sentence is "clearly unreasonable." Considering the trial court's Rule 1925(a) opinion, which elaborates on the section 9781(d) factors, she cannot do so. In particular, the trial court explained:

> Prior to sentencing [Appellant], the [c]ourt reviewed her presentence investigation report. (*See* Sentencing Transcript ("ST"), 05/18/2022, [at] 11). It knew everything it needed to know about [Appellant] and the offenses to which she had pled guilty. That she had never before been convicted of a crime and expressed regret about actively participating in the exploitation of her young daughter did not outweigh the egregiousness of what she had done, though. (*See id.* at 12-18 (explaining its reasons for adoption [of] Probation's recommendation)).
>
> Quite naturally, a defendant's focus tends to be singular; [here, Appellant] subjectively assesses her own culpability for the crimes at issue and expects that her sentence should coincide with that assessment. The Sentencing Code prescribes a much broader focus and objective evaluation…. It demands that the sentencing [c]ourt consider not just [Appellant's] perception of herself, which may not realistically account for even her own rehabilitative needs, let alone how her conduct[] affected others, but also any evidence that contradicts her self-assessment. 42 Pa.C.S.[] § 9721. It must also consider the nature of her crimes, the impact they had or will have on her victim(s), and protecting the public as a whole. That being the case, the actual sentence imposed in any given case may be substantially greater than what the

---

*Commonwealth v. Austin*, 66 A.3d 798, 808–09 (Pa. Super. 2013) (cleaned up). For the reasons set forth, *infra*, we would conclude that the court's imposition of consecutive sentences is not facially excessive, considering the seriousness of Appellant's crimes.

defendant deems to be fair[,] but still reflect an appropriate exercise of the [c]ourt's sentencing discretion. Such is the case here.

One can hardly overstate the seriousness of [Appellant's] criminal conduct. Her own mother related in small part the victim's severe emotional trauma, (**see** ST … [at] 5-7), and it has become common knowledge that childhood sexual abuse often leaves the victim feeling vulnerable for the rest of her life. [Appellant] put that burden on her own 5-year-old-daughter and, despite vocalizing sorrow and regret for her actions, [she] gave the clear impression that she failed to appreciate their consequences or take responsibility for them. On the contrary, as the hearing progressed, [Appellant] attempted to portray herself as a victim in this case, denying involvement in the worst parts of her daughter's abuse and downplaying her role in the activities to which she had already pled guilty, and maintaining that she had no choice but to cooperate with her co-defendant's plan to repeatedly rape and sexually exploit her daughter. In the [c]ourt's mind, that made her a poor candidate for rehabilitation and increased her potential to acquiesce in the future to the deviate sexual proclivities of a pedophile. Weighing the relevant sentencing factors, therefore, the [c]ourt determined that a sentence below the recommendation was not warranted. It did not thereby abuse its discretion.

Trial Court Opinion, 9/20/22, at 1-2.

Clearly, the trial court considered the requisite, statutory factors when fashioning Appellant's sentence, and the terms of incarceration it imposed are not an abuse of its ample discretion. The court's brief mention that Appellant was "putting [videos of her daughter] out on the internet[,]" even if inaccurate as Appellant claims, does not demonstrate that the court's sentence was significantly influenced by that factor. N.T. Sentencing, 5/18/22, at 13. Instead, it is obvious that the court focused on the seriousness of Appellant's crimes, their impact on the victim, her failure to appreciate the consequences of her actions, her passing blame onto her co-defendant, that she is a poor

candidate for rehabilitation, and that she poses a risk to the community. In light of the court's explanation for its sentence and the record before us, we conclude that Appellant's sentence is not clearly unreasonable. Thus, we agree with Attorney Ryan that Appellant's sentencing challenge is frivolous.

Because we can discern no other, non-frivolous claims that Appellant could raise herein, we affirm her judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/22/2023